IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HUANG CHENG GAO, ) | |
|     Petitioner, ) | |
| v. ) | No. 3:10-CV-756-D |
| ) | |
| ERIC HOLDER, ET AL., ) | |
|     Respondents. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

**Parties:** Petitioner was in federal custody when he filed this habeas corpus petition pursuant to 28 U.S.C. § 2241. Respondents are Attorney General Eric Holder, Immigration and Customs Enforcement ("ICE") Director John Sourkaris, ICE Director Nuria Prendes, Secretary of Homeland Security Janet Napolitano and Warden Arthur Anderson.

**Factual Background:** Petitioner is a citizen of the People's Republic of China. He entered the United States on or about May 28, 2005 via a B1 travel visa. On or about June 23, 2009, he was convicted of unlawful use of a motor vehicle and was released to ICE officials.

On October 13, 2009, a Final Administrative Order of Removal was issued against Petitioner. On April 14, 2010, Petitioner filed the instant petition arguing that his continued detention violated the Supreme Court's ruling in *Zadvydas v. Davis*, 533 U.S. 678 (2001),

because his removal was not reasonably foreseeable. Petitioner argues he should be release on bond.

**Discussion:**

On June 29, 2010, Respondents filed a response stating that Petitioner was deported to China on June 14, 2010. It appears Petitioner has received all the relief he was seeking in this petition. The Court therefore finds the petition should be dismissed with prejudice as moot.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2241 be dismissed with prejudice as moot.

Signed this 28th day of December, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).